THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STATE FARM FIRE & CASUALTY CO., | CASE NO. C14-1005-JCC |
|---|---|
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| SYLVIA WEBER and JOSEPH GARRETT, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's unopposed motion for summary judgment (Dkt. No. 15) and supporting documents (Dkt. No 16). Having thoroughly considered the briefing and the balance of the record, the Court finds oral argument unnecessary and hereby **GRANTS** the motion for the reasons explained herein.

I.   BACKGROUND

On or around July 10, 2011, a girl, A.W., fell from Defendant Joseph Garrett's horse and was hurt. Dkt. No. 15, pp. 1–3. Though the horse—named Taz—was Garrett's, the injury occurred on the property of Garrett's girlfriend, Monika Glover. *Id.* Garrett was not insured, but Glover and her ex-husband, Mark Glover, had both a homeowner's policy and a manufactured home policy through Plaintiff State Farm. *Id.* A.W.'s mother, Sylvia Weber, sued Garrett and

Glover in Snohomish County Superior Court for her daughter's damages. *Id.* Plaintiff State Farm extended a "reservation of rights defense" to Garrett out of "an abundance of caution."*Id.* at 2.

In the above-captioned matter, Plaintiff State Farm seeks a declaratory judgment to relieve it of its defense and indemnity of Garrett in the Snohomish County suit. Here, State Farm seeks summary judgment on the grounds that Garrett is not "insured" for the purpose of its policy with Monika Glover. Monika Glover is not a party to this action. This Court has already entered default judgment against Garrett. Dkt. No. 14. Garrett did not respond to or oppose State Farm's motion for summary judgment.

## II. DISCUSSION

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the case's outcome. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is enough evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* at 49. At the summary-judgment stage, evidence must be viewed in the light most favorable to the nonmoving party, and all justifiable inferences must be drawn in the non-movant's favor. *See Johnson v. Poway Unified Sch. Dist.*, 658 F.3d 954, 960 (9th Cir. 2011).

Interpretation of an insurance contract is an appropriate legal question to be resolved on summary judgment. *Quadrant Corp v. Am. States Ins. Co.*, 154 Wash. 2d 165, 171 (2005). In interpreting the insurance contract, courts are to consider the entire policy and apply a "fair, reasonable, and sensible construction as would be given by the average person purchasing insurance." *Overton v. Consolidated Ins. Co.*, 145 Wash. 2d 417, 427–428 (2002). Courts are

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 2

bound by the definitions provided in an insurance contract. *Id.*

Under Washington law, an insurance company's duty to defend only exists where allegations may impose liability on an insured person. *Truck Ins. Co. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760 (2002). The duty to defend is broader than the duty to indemnify. *Id.* Though courts liberally interpret an insurance company's duty to defend when reading allegations, someone who is not "insured" under an insurance policy is not entitled either to a defense or to indemnity under the policy. *Hartford Fire Ins. Co. v. Leahy*, 774 F. Supp. 2d 1104, 1111 (W.D. Wa. 2011).

Even drawing all reasonable inferences in Defendants' favor, Garrett does not meet the definition of an "insured" under the Glovers' policy. As such, Plaintiff State Farm has no legal duty to defend or indemnify him, and summary judgment is appropriate.

**B.  Joseph Garrett was Not Insured**

Both State Farm policies held by the Glovers contain identical definitions of "insured." Dkt. No. 15, p. 9. The State Farm policies read, in relevant part:

> "**[I]nsured**" means "you,"[1] and, if residents of your household:
>
>   a.   your relatives; and
>   b.   any other person under the age of 21 who is in the care of
>        a person described above.

Dkt. No. 16, Ex. A, p. 19; Ex. B, p. 58 (emphasis in original).

In Washington, a "relative" is "a person connected with another by blood or affinity." *United Pac. Ins. Co. v. McCarthy*, 15 Wash. App. 70, 73 (1976) (citing Merriam-Webster Third New Int'l Dictionary). The Washington Court of Appeals held that an "affinity" relationship

---

[1] "You" and "your" mean the "named insured" shown in the Declarations. A spouse is included "if a resident of your household." Dkt. No. 16, Exs. A & B. In this case, Monika Glover and her ex-husband Mark Glover are the only named insured persons under the policy.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 3

requires marriage. *Id.* State Farm concedes that "Washington courts have not yet expressly held that a boyfriend or girlfriend is not a relative." Dkt. No. 15, p. 10. However, the Court is persuaded by the holding in *United Pacific* as well as similar definitions provided by Washington law. For example, the unmarried, live-in boyfriend of the named insured was not considered a member of the insured's "immediate family" to trigger coverage, even where the couple "held themselves out to others as a married couple." *Continental Cas. Co. v. Weaver*, 48 Wash. App. 607, 610 (1987).

Joseph Garrett is the boyfriend of Monika Glover. Dkt. No. 15, p. 3. The two started dating around 2010, and were apparently dating at the time of A.W.'s fall. *Id.* Garrett is about 60 years old. *Id.* He is not related by blood or marriage to either Monika Glover or her ex-husband. *Id.* As such, he is not an "insured" person under the State Farm policies in question here.

### C.   Garrett's Horse is also not Insured

The Glovers' manufactured home policy through State Farm contains a provision applying some insurance to animals. Dkt. No. 16, Ex. B, p. 58. There are two parameters to this animal insurance. First, to be insured, animals must be owned by an insured person. *Id.* Second, animals that are used in the course of a business or "without permission of the owner" are not insured. *Id.* Taz the horse was not owned by Monika or Mark Glover. Taz was ridden with permission of its owner, Garrett. Applying the plain reading of both definitions, there remains no genuine issue as to whether the Glovers' State Farm policies apply to Taz; they do not, as the horse was not owned by an insured person.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 15) is **GRANTED.**

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 4

It is HEREBY **ORDERED**:

1) Defendant Joseph Garrett is not insured under either State Farm policy no. 47-BB-V787-9 (the homeowners policy) or State Farm policy no. 47-BG-N941-7 (the manufactured home policy).

2) Neither State Farm policy no. 47-BB-V787-9 nor no. 47-BG-N941-7 provides coverage to Defendant Joseph Garrett for the claims made by defendant Sylvia Weber or A.W. in the liability lawsuit entitled <u>Weber v. Garrett & Glover,</u> Snohomish County Superior Court cause no. 12-2-07303-0, because he is not an "insured" under either policy.

3) State Farm has no duty to defend Defendant Joseph Garrett for the claims made by defendant Sylvia Weber or A.W. in the liability lawsuit entitled <u>Weber v. Garrett & Glover,</u> Snohomish County Superior Court cause no. 12-2-07303-0, because he is not an "insured" under either policy.

4) Effective **10 days** from the entry of this order, State Farm may withdraw from the defense it is currently providing to Mr. Garrett in the liability lawsuit.

5) State Farm has no duty to indemnify Defendant Joseph Garrett in connection with any settlement or judgment directed to the claims made by defendant Sylvia Weber or A.W. in the liability lawsuit.

6) State Farm has no obligation to compensate or otherwise reimburse any person or entity for any claims asserted against Joseph Garrett arising out of A.W.'s fall from the horse.

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 5

1  DATED this 19th day of December 2014.

2

3

4

5

6

7  _____

8  John C. Coughenour
   UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT
PAGE - 6